No. 19,707.

THE OUTCAULT ADVERTISING COMPANY, *Appellant,* v. THE H. G. WALTNER MERCANTILE COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

ADVERTISING CONTRACT—*Parol Evidence Inadmissible to Vary Terms of Written Contract.* In an action upon a written contract to accept and pay for the use of articles described as "Outcault Service De Luxe" cuts, although the defendant is entitled to introduce parol evidence to show the meaning ascribed to the quoted phrase by the agent who represented the plaintiff in the making of the contract, a defense can not be made on the ground of the breach of an oral promise made by such agent, as a part of the agreement, that his principal would revise advertising matter to be suggested by the defendant, unless it was to be used as copy for the cuts referred to.

44—96 KAN.

Appeal from Barber district court; PRESTON B. GILLETT, judge. Opinion filed December 11, 1915. Reversed.

*Samuel Griffin,* of Medicine Lodge, for the appellant.

No appearance in this court in behalf of the appellee.

The opinion of the court was delivered by

MASON, J.: H. G. Waltner Mercantile Company entered into a written contract with Outcault Advertising Company, in the form of an order, the following being the portion material for present purposes:

"For one year beginning February 1st, 1910, ship us at our expense, your Outcault Service De Luxe, consisting of: 12 Outcault Service De Luxe (6 column) cut for each week, 40 Outcault Service De Luxe (4 column) cut for each week, 1 Font Type.

"We (or I) agree to pay you net cash monthly at the rate of $3.00 per week."

The mercantile company made payments for two months only, and the advertising company brought action for the balance. The defendant resisted payment on the ground that the plaintiff had failed to comply with the contract on its part. A verdict was returned for the defendant, on which judgment was rendered, and the plaintiff appeals.

A reversal is asked on the ground that the court erred in allowing oral evidence of promises on the part of the plaintiff not included or referred to in the writing, and in instructing the jury that if such promises were made and not kept the defendant was justified in repudiating the contract. The written agreement calls for the furnishing of certain "cuts," and appears to be free from obscurity or ambiguity except as to the meaning of the terms by which they were described. The phrase "Outcault Service De Luxe" obviously had a local or trade meaning, given it by the plaintiff, and of course the defendant was entitled to show the statements made in that regard by the agent with whom it dealt, this being necessary to make the description intelligible. (4 Wigmore on Evidence, § 2465.) This was the principle upon which the court acted, and much of the evidence admitted was within its operation. But the defendant was allowed to show among other things that the agent represented that his company would inspect,

Brizendine v. Railroad Co.

criticise and correct, advertisements offered or suggested by the defendant, and that the plaintiff failed to do so. And the jury were charged that such failure was a breach of the contract. An agreement to revise advertising matter prepared by the plaintiff (unless it was to be used as copy for the cuts referred to, and this is not indicated) seems to lie wholly outside the field covered by the written contract, and the allowance of a defense on this ground must be regarded as prejudicial error.

The judgment is reversed for further proceedings in accordance herewith.